UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br> Plaintiffs, <br> v. <br> DANA OGDEN, <br> Defendant. | Case No. 20-cv-01691-DMR <br><br> **RELATOR'S MOTION TO STRIKE** <br> Re: Dkt. No. 48 |

Relator/Counter Defendant Thomas Grinner filed this case on March 9, 2020, alleging violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729(a)(1), against Defendant/Counter Claimant Dana Ogden. [Docket No. 1.] Grinner filed an amended complaint on August 3, 2020. [Docket No. 25, First Amended Complaint ("FAC").] On November 25, 2020, Ogden filed an answer and a counterclaim for breach of contract against Grinner. [Docket No. 43 ("Answer").] Grinner now moves to strike Ogden's affirmative defenses. [Docket No. 48 ("MTD"), 52 ("Reply").] Ogden opposes. [Docket No. 3 ("Opp.")]. The court held a hearing on February 11, 2021.

For the reasons stated below, the court grants Grinner's motion.

## I.  BACKGROUND

The factual background of this case is laid out in the court's order on Grinner's motion to dismiss Ogden's counterclaim and is not repeated here. *See* Docket No. 68.

## II.  LEGAL STANDARD FOR MOTIONS TO STRIKE

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A matter is "immaterial" when it "has no essential or important relationship to the claim for relief or the defenses being pleaded, while '[i]mpertinent' matter consists of statements that do not pertain, and are not

necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that arises from litigating spurious issues by dispensing of those issues before trial, and such a motion may be appropriate where it will streamline the ultimate resolution of the action. *Fantasy*, 984 F.2d at 1527–28. "A motion to strike should be granted if it will eliminate serious risks of prejudice to the moving party, delay, or confusion of issues." *Lee v. Hertz Corp.*, 330 F.R.D. 557, 560 (N.D. Cal. 2019) (citing *Fantasy*, 984 F.2d at 1528). "Motions to strike are regarded with disfavor [ ] because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings." *Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) (quotation omitted). "The grounds for a motion to strike must appear on the face of the pleading under attack," and "the Court must view the pleading under attack in the light more favorable to the pleader when ruling upon a motion to strike." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 301 F.R.D. 487, 489 (C.D. Cal. 2014) (citations omitted).

### III. DISCUSSION

Grinner moves to dismiss Ogden's affirmative defenses on the grounds that (1) none of them are adequately pleaded; (2) some of the defenses attack only the sufficiency of the complaint and are therefore not proper affirmative defenses; and (3) some of the defenses have no bearing on Grinner's FCA claim.

#### A. Inadequately Pleaded Affirmative Defenses

Grinner moves to strike all of Ogden's affirmative defenses as inadequately pleaded. Although the Ninth Circuit has not spoken directly on pleading standards for affirmative defenses, "the majority of courts in [the Northern District of California] have held that the heightened pleading standard of *Twombly* and *Iqbal* . . . is now the correct standard to apply to affirmative defenses." *Pertz v. Heartland Realty Inv'rs, Inc.*, No. 19-cv-06330-CRB, 2020 WL 95636, at *1 (N.D. Cal. Jan. 8, 2020). At the hearing, Ogden conceded that the *Twombly/Iqbal* pleading standard applies to affirmative defenses.

Under *Twombly* and *Iqbal*, a defendant "must include more than bare statements reciting

mere legal conclusions." *"Amy" v. Curtis*, No. 19-cv-02184-PJH, 2020 WL 6271046, at *3 (N.D. Cal. Oct. 26, 2020) (internal quotation marks and citations omitted). An affirmative defense "must provide the plaintiff fair notice of the nature of the defense." *Bay Area Roofers Health & Welfare Tr. v. Sun Life Assurance Co. of Canada*, No. 13-cv-04192-WHO, 2013 WL 6700017, at *2 (N.D. Cal. Dec. 19, 2013); *see also Fed. Trade Comm'n v. Lending Club Corp.*, No. 18-cv-02454-JSC, 2019 WL 7488991, at *2 (N.D. Cal. Apr. 29, 2019) ("[A] defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense."). "Indeed, not one court in this district has permitted (over objection) an affirmative defense that asserted a mere legal conclusion." *"Amy"*, 2020 WL 6271046, at *3.

Here, Ogden's affirmative defenses are clearly insufficient. None of them assert any factual allegations underlying the defense but instead merely reference various legal doctrines. For example, the entire text of Ogden's sixth affirmative defense is "Relator's claims are barred in whole or in part by the doctrine of unclean hands." Answer at 13. Similarly, the eighth affirmative defense asserts only that "[t]he Complaint and each of actions [*sic*] for relief contained therein are barred by the doctrine of laches." *Id.* The remaining affirmative defenses are equally deficient. *See Fishman v. Tiger Nat. Gas Inc.*, No. 17-cv-05351 WHA, 2018 WL 4468680, at *3 (N.D. Cal. Sept. 18, 2018) ("A reference to a doctrine, like a reference to statutory provisions is insufficient notice."); *Goobich v. Excelligence Learning Corp.*, No. 19-cv-06771-EJD, 2020 WL 1503685, at *3 (N.D. Cal. Mar. 30, 2020) ("The Defendant's pleading as to each of these defenses consists entirely of bare references to legal doctrines without any discussion of how they may apply to this case." (internal quotation marks and citations omitted)).

Ogden relies on *Ramirez v. Ghilotti Bros. Inc.* for the proposition that she is "not required to include extensive facts to support her defense and is only required to place Relator on notice of the basis for her defense." Opp. at 4; *see* 941 F. Supp. 2d 1197, 1204 (N.D. Cal. 2013) (Breyer, J.). Ogden's argument is not compelling because *Ramirez* specifically recognized that affirmative defenses must be pleaded under the *Twombly* and *Iqbal* standard. 941 F. Supp. 2d at 1204. Even though Ogden is not required to plead "extensive facts," she pleads no supporting facts at all.

Accordingly, the motion to strike is granted as to all of Ogden's affirmative defenses.

3

However, as explained below, some of the defenses fail for independent reasons. The court reaches Grinner's remaining arguments to obviate the need for a second round of briefing once Ogden has filed an amended answer.

### B.     Improper Affirmative Defenses

Grinner moves to strike the first (failure to state a claim), third (authorized by law), fourth (lack of scienter), fifth (lack of materiality), ninth (good faith), and tenth (right to assert further affirmative defenses) affirmative defenses on the basis that they only attack the sufficiency of the complaint. Ogden responds that Rule 12 motions, which challenge the adequacy of a complaint, specifically refers to "defenses" so therefore any defenses that could be brought under Rule 12 can also be pleaded as affirmative defenses. *See* Fed. R. Civ. P. 12(b).

Ogden's argument fails. "An affirmative defense is one that precludes liability even if all of the elements of the plaintiff's claim are proven." *Gomez v. J. Jacobo Farm Labor Contractor, Inc.*, 188 F. Supp. 3d 986, 991 (E.D. Cal. 2016). Rule 12 motions assert that the plaintiff cannot prove their claim even if all the facts alleged are true. Therefore, a defense that can be brought in a Rule 12 motion is a "defense" to liability but not an *affirmative* defense. *Id.*; *see also United States v. Acad. Mortg. Corp.*, No. 16-cv-02120-EMC, 2020 WL 7056017, at *4 (N.D. Cal. Dec. 2, 2020) ("An affirmative defense is an assertion raising new facts and arguments that, if true, will defeat plaintiff's claim, even if all allegations in complaint are true.").

The difference between the plaintiff's prima facie case and the defendant's affirmative defenses is also apparent when considering the different burdens of proof for those issues: plaintiffs always have the have the burden to prove their claims, but "[an affirmative defense] is a defense on which the defendant has the burden of proof." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) (citation omitted); *KST Data, Inc. v. DXC Tech. Co.*, 980 F.3d 709, 714 (9th Cir. 2020) ("A defense which demonstrates that [the] plaintiff has not met its burden of proof is not an affirmative defense." (citation omitted)). Presumably, Ogden is not seeking to shift the burden of proof on Grinner's claim. *See Barnes*, 718 F. Supp. 2d at 1174 ("Thus, it is curious that defendant asserts as affirmative defenses that which it need not prove.").

Here, in order to prevail on his FCA claim, Grinner must prove his FCA claim, which

4

requires "(1) a false statement or fraudulent course of conduct, (2) made with the scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." *United States ex rel. Campie v. Gilead Scis., Inc.*, 862 F.3d 890, 899 (9th Cir. 2017) (quoting *U.S. ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1174 (9th Cir. 2006)). For the reasons explained above, any of Ogden's defenses that merely assert that Grinner has not met his burden of proof on these elements must be stricken without leave to amend.

### 1. Failure to State a Claim

Ogden's first affirmative defense is that Grinner fails to state a claim upon which relief may be granted. Answer at 12. This defense goes directly to the adequacy of the complaint. Numerous courts in this district have stricken affirmative defenses that assert a plaintiff's failure to state a claim. *See, e.g.*, *Barnes*, 718 F. Supp. 2d at 1174 ("Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [the plaintiff's] prima facie case."); *Goobich*, 2020 WL 1503685, at *3 ("Here, Defendant's first affirmative defense [for failure to state a claim] is not an actual defense since it simply embodies the contention that Plaintiff will be unable to prove the elements of the claims contained in the Complaint."); *United States v. Acad. Mortg. Corp.*, 2020 WL 7056017, at *4 ("Failure to state a claim is not an affirmative defense."); *"Amy"*, No. 2020 WL 6271046, at *3 (same).

Since no additional allegations would alter the above analysis, Ogden's first affirmative defense is stricken without leave to amend.

### 2. Authorized by Law

Ogden's third affirmative defense is that "Defendant's conduct was in compliance with, or authorized by, laws or regulations by a regulatory body or officer action under state or federal statutory authority." Answer at 13. Grinner argues that this defense merely challenges the sufficiency of the complaint because Grinner must prove that Ogden's conduct was not authorized by any law. Mot. at 7. At the hearing, Ogden explained that this defense asserts that Ogden's actions were lawful because she complied with the terms of the HACA program. Thus, the defense only serves to undermine Grinner's prima facie case and is not a proper affirmative defense.

Accordingly, Ogden's third affirmative defense is stricken without leave to amend.

### 3. Lack of Scienter/Lack of Materiality

Ogden's fourth (lack of scienter) and fifth (lack of materiality) affirmative defenses directly challenge whether Grinner can establish the elements of an FCA claim. For the reasons stated above, defenses that merely attack the sufficiency of the complaint are not affirmative defenses.

Ogden's fourth and fifth affirmative defenses are stricken without leave to amend.

### 4. Good Faith

Ogden's ninth affirmative defense asserts that Grinner's claims are barred because Ogden's conduct, as alleged in the complaint, was fully justified and in good faith. In order to prove his case, Grinner must show that Ogden knowingly made a false statement or engaged in a fraudulent course of conduct. *Campie*, 862 F.3d at 899. Therefore, a defense of good faith only challenges Grinner's claim and is not an affirmative defense. *See Fishman*, No. 17-cv-05351-WHA, 2018 WL 4468680, at *6 (finding that for claims requiring proof of bad faith, "good faith only negates plaintiff's prima facie case"); *see also Facebook, Inc. v. Rankwave Co.*, No. 19-cv-03738-JST, 2020 WL 4460550, at *4 (N.D. Cal. May 1, 2020) (holding that "good faith mistake" is not an affirmative defense to a claim for breach of the covenant of good faith and fair dealing because the absence of good faith is an element of that claim).

Therefore, the ninth affirmative defense is stricken without leave to amend.

### 5. Right to Assert Further Affirmative Defenses

The tenth affirmative defense asserts that Ogden "reserves the right to assert additional affirmative defenses in the event further discovery and/or investigation indicates that such affirmative defenses would be granted." Answer at 14. An affirmative defense that "simply reserves the right to assert unspecified defenses later . . . is not a defense at all, affirmative or otherwise." *Vogel v. Huntington Oaks Delaware Partners*, LLC, 291 F.R.D. 438, 442 (C.D. Cal. 2013); *Solis v. Zenith Capital*, *LLC*, No. 08-cv-4854 PJH, 2009 WL 1324051, at *7 (N.D. Cal. May 8, 2009) ("An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself."). In any case, Grinner has the right to move to add affirmative defenses regardless of whether she specifically reserves that right in the answer. *G & G Closed Circuit Events, LLC v. Nguyen*, No.

6

10-cv-00168-LHK, 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010) ("Moreover, to the extent that the reservation defense attempts to preserve rights already preserved by the Federal Rules, it is duplicative.").

Accordingly, the tenth affirmative defense is stricken without leave to amend.

### C. Inapplicable Defenses

Grinner moves to strike the sixth (unclean hands), seventh (Relator's bad acts), and eighth (laches) affirmative defenses on the grounds that these defenses are not applicable in a qui tam action.

#### 1. Unclean Hands/Bad Acts

The sixth and seventh defenses both assert that Grinner's claim is barred at least in part because of his own conduct. Grinner argues that these defenses are inapplicable because bad acts by a qui tam plaintiff, even if proven, do not bar a claim under the FCA. Reply at 7. Ogden responds that (1) Grinner's conduct is relevant to Ogden's intent because she "relied to some extent" on Grinner's representations and conduct; and (2) any bad conduct by Grinner may reduce the percentage of his recovery under the FCA and prevent him from seeking attorneys' fees. Opp. at 5.

Ogden's first argument fails because, to the extent that Grinner's conduct is relevant to Ogden's intent, it serves only to undermine an element of Grinner's claim and therefore is not properly brought as an affirmative defense. As for the second argument, Grinner is correct that "[t]he FCA is in no way intended to ameliorate the liability of wrongdoers by providing defendants with a remedy against a qui tam plaintiff with 'unclean hands.'" *Mortgages, Inc. v. U.S. Dist. Court for Dist. of Nev. (Las Vegas)*, 934 F.2d 209, 213 (9th Cir. 1991) (also stating that "the framers of the Act recognized that wrongdoers might be rewarded under the Act, acknowledging the qui tam provisions are based upon the idea of 'setting a rogue to catch a rogue'"). But the FCA does "restrict or prevent entirely the ability of a relator with unclean hands to collect a qui tam bounty." *Cell Therapeutics, Inc. v. Lash Grp., Inc.*, 586 F.3d 1204, 1213 (9th Cir. 2009), *as amended on denial of reh'g and reh'g en banc* (Jan. 6, 2010) (citing 31 U.S.C. § 3730(d)(3)). Further, the FCA permits a defendant to seek its reasonable attorneys' fees and costs if the defendant prevails and the relator's claim was "clearly frivolous, clearly vexatious, or brought primarily for the purposes of

7

harassment." 31 U.S.C. § 3730(d)(4). Accordingly, Grinner's conduct is relevant to what recovery, if any, he is entitled to if he prevails and whether Ogden is can recover attorneys' fees if she prevails.

However, as explained above, "[a]n affirmative defense is one that precludes liability even if all of the elements of the plaintiff's claim are proven." *Gomez*, 188 F. Supp. 3d at 991. Grinner's bad acts, if proven, do not preclude liability under the FCA but instead only serve to limit the amount of his damages or permit an attorneys' fees award to Ogden. *See Mortgages, Inc.*, 934 F.2d at 213; *see also Hernandez v. Cty. of Monterey*, 306 F.R.D. 279, 285 (N.D. Cal. 2015) ("[A] defense targeting the amount of the recovery is a limitation rather than an affirmative defense."). Therefore, in this case, unclean hands/bad acts are not properly pleaded as affirmative defenses and are therefore stricken without leave to amend.

### 2. Laches

Ogden's eighth affirmative defense asserts that Grinner's claim is barred under the equitable doctrine of laches. "Laches is an equitable time limitation on a party's right to bring suit, resting on the maxim that one who seeks the help of a court of equity must not sleep on his rights." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002) (internal quotation marks and citation omitted). Grinner argues that the defense is inapplicable because he is only seeking monetary and not equitable relief. *See* Mot. at 9 ("[L]aches is an equitable doctrine that does not apply to claims for monetary relief, such as the False Claims Act cause of action in this case."); Reply at 8 ("[L]aches does not apply to [Relator's] False Claims Act cause of action, which is subject to a six-year statute of limitations and for which Relator seeks only monetary damages.").

Courts have generally held that equitable defenses are not available in cases that only seek monetary damages. *See, e.g.*, *Bd. of Trustees of Leland Stanford Junior Univ. v. Agilent Techs., Inc.*, No. 18-cv-01199-VC, 2019 WL 4729602, at *2 (N.D. Cal. Aug. 13, 2019) ("[L]aches is inapplicable to claims for money damages."). Further, it is a "well-established general rule . . . that laches cannot be invoked to bar a claim for damages incurred within a limitations period specified by Congress." *SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC*, 137 S. Ct. 954, 963 (2017) (citation). Congress has established a statute of limitations for claims brought under the

FCA.[1] *See* 31 U.S.C. § 3731. Accordingly, if Grinner were only seeking monetary damages under the FCA, then Ogden could not assert a laches defense.

However, although Grinner represents in his briefing that he is only seeking monetary damages, the FAC also prays for a declaratory judgment that Ogden violated the FCA. *See* FAC at 11. Declaratory relief "is a traditional remedy in equity." *Wit v. United Behavioral Health*, No. 14-cv-02346-JCS, 2020 WL 6479273, at *4 (N.D. Cal. Nov. 3, 2020); *see also Doc's Dream, LLC v. Delores Press, Inc.*, 2015 WL 12832063, at *1 (C.D. Cal. July 6, 2015) ("Declaratory relief is an equitable remedy available when legal remedies will not suffice."). At the hearing, Grinner acknowledged that he is seeking declaratory relief. Grinner does not explain why Ogden cannot assert an equitable defense to a request for an equitable remedy. Accordingly, the laches doctrine is not clearly inapplicable to Grinner's prayer for a declaratory judgment.

However, as explained above, all of Ogden's defenses are inadequately pleaded. With respect to laches in particular, a defendant must prove "(1) an unreasonable delay by plaintiff in bringing suit, and (2) prejudice to [herself]." *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 997 (9th Cir. 2006). Grinner's answer set forth no facts regarding Grinner's alleged delay in bringing suit or any prejudice to Ogden resulting from the delay. Accordingly, Ogden is granted leave to amend this defense to add allegations that, if true, would establish the elements required for a laches defense.

## IV.   CONCLUSION

For the reasons stated above, Grinner's motion is granted. Ogden's first, third, fourth, fifth, sixth, seventh, ninth, and tenth affirmative defenses are stricken without leave to amend. Her eighth affirmative defense is stricken as inadequately pleaded, but she is granted leave to amend that defense if she can plausibly allege facts supporting its applicability. Ogden must file an amended answer by no later than March 22, 2021.

---

[1] Ogden does not argue that Grinner's action is barred by the statute of limitations for FCA claims.

1     **IT IS SO ORDERED.**

2     Dated: March 8, 2021



_____
Judge Donna M. Ryu
United States Magistrate Judge